UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GEORGE ZOUVELOS,

        Plaintiff,

-against-

SURETY FINANCIAL OF AMERICA, INC.,
et al.,

        Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
16-cv-1851 (AMD) (RLM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 13 2018 ★

BROOKLYN OFFICE

ANN M. DONNELLY, United States District Judge:

      The plaintiff, George Zouvelos ("Zouvelos") filed this action *pro se* on April 15, 2016, after I denied him leave to implead defendants Michele Riley, Surety Financial of America, Inc., Julio Pozo, and Joe Mastrapa in a related action brought against him by nominal defendant Financial Casualty & Surety, Inc. ("FCS") for breach of contract and breach of fiduciary duty (the "2012 Action").[1] *See Financial Casualty & Surety, Inc. v. Zouvelos*, 12-cv-3476 (E.D.N.Y. Apr. 11, 2016). Defendants Riley and FCS each filed motions to dismiss, and on March 30, 2017, I granted both of their motions and dismissed the complaint with prejudice. (Order, ECF No. 46.) Defendants Riley and FCS respectively filed for attorney's fees on April 11, 2017 and May 1, 2017. (ECF Nos. 48, 58.)

      On January 29, 2018, Magistrate Judge Roanne L. Mann issued a Report and Recommendation ("R&R") recommending that Riley's and FCS's motions for attorneys' fees be granted in the amount of $28,700 as to Riley and $16,980.80 as to FCS. (ECF No. 92, at 24.) Judge Mann also recommended awarding Riley $184.45 in costs. (*Id.*) Judge Mann directed the

---

[1] Zouvelos subsequently retained counsel on May 15, 2017. (ECF No. 64.)

1

parties to file objections to the R&R by February 12, 2018. Thereafter, I extended the deadline for objections to February 26, 2018. (Minute Entry, February 6, 2018.) Zouvelos filed timely objections to the R&R, and Riley responded to those objections. (ECF Nos. 94, 95.) To date, neither Riley nor FCS has objected to the R&R. I have undertaken a *de novo* review of the record, the R&R, and the instant objections and response to those objections. For the reasons set forth below, I adopt Judge Mann's thoughtful and comprehensive opinion in its entirety.

## BACKGROUND

Zouvelos did not object to the facts and procedural history set forth in the Background section of the R&R. I have reviewed this portion of the R&R for clear error and found none. Accordingly, I adopt those facts in their entirety.

## DISCUSSION

### I. Legal Standard

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the [R & R] only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96 Civ. 324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a *de novo* review of a party's specific objections, [however,] the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not,

presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09 Civ. 4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02 Civ. 1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted). Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11 Civ. 4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94 Civ. 2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

II. The Plaintiff's Objections

Zouvelos has the following objections to the R&R.[2] First, he contends that FCS's motion for attorney fees was untimely. (ECF No. 94, at 2-5.) Second, he argues that there is no procedural or jurisdictional basis to award attorneys' fees to either Riley or FCS. (*Id.* at 5-6.) Third, he claims that he was deprived of due process because he was not given access to unredacted time records for Riley's counsel. (*Id.* at 7-9.) Last, he argues that Judge Mann's fee awards to Riley and FCS are excessive and require further reductions. (*Id.* at 10-11.)

Although I am only obligated to review the R&R for clear error,[3] I nonetheless conducted a *de novo* review of the R&R, the record, and the instant objections out of an abundance of

---

[2] Zouvelos did not contest any other determination in the R&R. Since there is no clear error with respect to these determinations, accordingly, I adopt them in their entirety. *See Urena v. N.Y.*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2011) (where no timely objections have been made to a report and recommendation, the "court need only satisfy itself that there is no clear error on the face of the record") (internal quotation marks and citation omitted).

[3] All of the aforementioned objections were previously raised in opposition to the defendants' motions for attorneys' fees. (*See, e.g.*, ECF Nos. 57, 65, 67, 69, 70, 75, 86.) Prior to this R&R, Zouvelos filed multiple letters and briefs arguing that FCS's motion was untimely and that the Court had no procedural or jurisdictional basis to award fees. (*See id.*) Zouvelos reiterates all of these arguments in his objections. "It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Johnson v. Fordham Univ.*, No. 1:11-CV-04670 (ALC), 2016 WL 450424, at *2 (S.D.N.Y. Feb. 4, 2016) (citing *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Where a party

3

caution. Upon my review, I see no reason to disturb Judge Mann's recommendations. I address each of these objections in turn.

   a. *Timeliness of FCS's Motion*

In this case, judgment was entered on March 31, 2017. (ECF No. 41.) FCS filed its motion for attorney's fees on May 1, 2017. (ECF No. 58.) Zouvelos claims that FCS's motion for attorneys' fees was untimely because it was filed more than 14 days after the entry of judgment, contrary to Rule 54(d)(2)(B)(i) of the Federal Rules of Civil Procedure. FCS, on the other hand, maintains that its motion was timely because it assumed that my March 29, 2017 Scheduling Order in the 2012 Action—which directed FCS to "file any motion for attorneys' fees" by May 1, 2017—also applied in this case.

To clarify, my Scheduling Order setting the May 1st deadline in the 2012 Action applied to that action only. In that case, I had determined Zouvelos was liable for breach of contract to FCS, and I needed to determine FCS's damages based on that contract, which included attorneys' fees, before entering judgment. (*See* ECF No. 271 (denying Zouvelos's motion for interlocutory appeal).) In this case, I found that Zouvelos failed to state a claim for breach of contract; thus, there was no need to determine damages, and a final judgment issued prior to the determination of attorneys' fees. (*Id.* at n.1.) Thus, FCS had 14 days to file its motion for attorney's fees after judgment was entered in this case.

Nevertheless, I agree with Judge Mann that I should extend *nunc pro tunc* FCS's time to file its motion for attorneys' fees in this case to May 1, 2017. "A court may extend the time to

---

"simply reiterates [the] original arguments," the Court need only review those objections for clear error. *See Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

file a motion for fees . . . if the movant demonstrates 'excusable neglect.'" *Sorenson v. Wolfson*, 683 F. App'x 33, 36 (2d Cir. 2017) (summary order) (citing *Tancredi v. Met. Life, Ins. Co.*, 378 F.3d 220, 227–28 (2d Cir. 2004). Excusable neglect is determined by considering "[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* (quoting *Tancredi*, 378 F.3d at 228) (internal quotations omitted). Here, there is good reason to extend the filing deadline. Given the close proximity in time between my March 29, 2017 Scheduling Order in the 2012 Action and my March 30, 2017 Order dismissing the complaint in this case, it was not unreasonable for FCS to believe that the May 1st deadline applied in both cases. That FCS was acting in good faith is clear, since it filed its motion in this case on May 1, 2017. Zouvelos suffered no prejudice. I granted him an extension to respond to FCS's motion, and he had more than a month to file his response. (Minute Entries, June 1, 2017 and June 12, 2017.) Accordingly, I extend *nunc pro tunc* FCS's time to file its motion for attorney's fees to May 1, 2017.

    b. *Defendants' Entitlement to Attorneys' Fees*

I also reject Zouvelos's claim that I cannot award attorneys' fees to either defendant because my March 30, 2017 Order dismissing the complaint with prejudice directed the Clerk of the Court "to close the case." (*See* ECF No. 46.) It is well-settled that "[w]henever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees." *Tancredi*, 378 F.3d at 225; *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 64 (2d Cir. 1991) ("A federal court may, in its discretion,

5

exercise ancillary jurisdiction to hear fee disputes . . . between litigants and their attorneys when the dispute relates to the main action . . . ."). Zouvelos's appeal of my March 30, 2017 Order dismissing this case does not preclude me from considering the defendants' fee motions; the filing of an appeal "only divest[s] the district court of jurisdiction respecting the questions raised and decided in the order appealed from." *Witek v. City of New York*, No. 12CV981CBAVVP, 2015 WL 9460132, at *4 (E.D.N.Y. Dec. 23, 2015) (citing *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989)). *See also Tancredi*, 378 F.3d at 225 ("[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees."). That I did not include any language in my Order specifically directing the defendants to file motions for attorneys' fees by a certain time does not change this analysis. Accordingly, I affirm Judge Mann's decision on this issue.

c. *Attorneys' Fees With Respect to Riley*

Judge Mann recommends that I award Riley attorney's fees in the amount of $28,700 ($17,800 for 71.2 hours of district court-related work and $10,900 for 43.6 hours of appeal-related work) instead of the $35,300 that counsel requested. (ECF No. 92, at 17.)

I reject Zouvelos's claim that he was deprived of due process because he did not have unredacted copies of all of counsel's billing records and thus, had no opportunity to review and comment on them. (ECF No. 94, at 7.) Zouvelos was not entitled to unredacted copies of all of counsel's billing records by virtue of Riley's motion for attorney's fees.[4] *See Collins v. City of New York*, No. 11 CV 766 FB RML, 2012 WL 3011028, at *5 (E.D.N.Y. July 23, 2012) ("There

---

[4] Judge Mann ordered Riley to produce unredacted copies of two of the four billing invoices to Zouvelos on January 5, 2018 and allowed Zouvelos to supplement his opposition to Riley's supplemental motion for attorney's fees to address the contents of the unredacted billing records. (Minute Entry, January 5, 2018.)

is no authority for the proposition that a client waives his attorney-client privilege by seeking to recover attorney's fees[.]"); *see also Cassese v. Williams*, 503 F. App'x 55, 58 (2d Cir. 2012) ("While applications for attorney's fees [must] be supported by contemporaneous [billing] records . . . we are aware of no authority holding that class counsel must open its books to objectors for inspection by virtue of filing a fee motion. To the contrary, whether to grant objectors access to billing records is a matter within the district court's discretion.") (internal citations and quotations omitted).

Moreover, it is for the Court to decide the reasonableness of the fees, not the losing party. "If the fees are inflated, the court can make that determination [] by reviewing the records in camera after a finding of liability." *Collins*, 2012 WL 3011028, at *5. *See also Errant Gene Therapeutic, LLC v. Sloan-Kettering Inst. for Cancer Research*, No. 115CV02044AINSDA, 2018 WL 259803, at *2 (S.D.N.Y. Jan. 2, 2018) ("The Court "enjoys broad discretion in determining the amount of a fee award."); *Div. 1181 Amalgamated Transit Union-New York Employees Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 619 (E.D.N.Y. 2017) ("To determine whether the number of hours spent by counsel was reasonable, the Court must 'use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case.'"). Here, Riley submitted unredacted copies of her counsel's invoices to Judge Mann's chambers for *in camera* review. Judge Mann conducted an extensive review of those records and struck fees that were unreasonable and excessive in light of the nature of this case. (ECF No. 92, at 17.) Judge Mann had sufficient information to make a decision, and required no input from Zouvelos.

Zouvelos also contends that Riley's counsel "opposed voluntary withdrawal of [his] appeal solely to generate legal fees," and that the number of hours for which Riley's counsel is compensated in connection with appeals-related work should be further reduced. (ECF No. 94, at 11.) I disagree. There is no indication that Riley opposed Zouvelos's withdrawal of the appeal in bad faith. To the contrary, the evidence shows that Riley opposed Zouvelos's withdrawal of the appeal in order to recoup fees incurred as a result of having to defend the appeal. (17-cv-1225, ECF No. 67.) As Judge Mann observed, "The fees incurred by Riley in moving for previously incurred fees would have been avoided had Zouvelos not filed an appeal in the first instance." (ECF No. 92, at 16.) Thus, no further reduction of Riley's counsel's fees is necessary, and I adopt Judge Mann's fee recommendation with respect to Riley in its entirety.[5]

   d. *FCS's Fees*

After a thorough review of FCS's billing records, Judge Mann concluded that FCS did not exercise appropriate billing judgment, applied a 20% reduction to its attorney's fees, and recommended that I award FCS attorney's fees in the amount of $16,980.80 instead of the $21,226 that FCS requested. (ECF No. 92, at 23.) Zouvelos now argues that a reduction of more than 20% is necessary because FCS "was a mere 'nominal' defendant in the instant action" who "had little if any stake in the outcome," and because FCS did not exercise proper billing

---

[5] I also reject Zouvelos's argument that I should not apply Texas law on this question because the defendants only opposed Zouvelos's stay of the appeal and "no fees were incurred regarding the actual enforcement or defense of the terms of the underlying agreements." (ECF No. 94, at 11-12.) First, the May 1, 2008 contract expressly permits FCS and Riley to "recover reasonable attorneys' fees and other costs in addition to any other relief granted" should "any litigation arise between the parties hereto related to this Agreement"—this language does not limit recovery of attorneys' fees based on the type of legal work attorneys perform in a litigation. *See* Paragraph 32 of the May 1, 2008 Contract. Moreover, as I already made clear, Texas law governs the May 1, 2008 contract, and under Texas law, "[f]ees incurred preparing a fee application are recoverable under applicable law." (*See* March 30, 2017 Order, ECF No. 46, at 4.) *See Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, No. CIV.A. H-05-3167, 2015 WL 6739022, at *5 (S.D. Tex. Nov. 4, 2015) (collecting cases).

judgment. (ECF No. 94, at 9-10.) After a *de novo* review of FCS's billing records and the case law, I agree with Judge Mann that a 20% fee reduction sufficiently ensures that FCS is not being compensated for non-legal work, or for redundant, duplicative, or excessive hours. *See, e.g., Preston Expl. Co., LP v. GSP, LLC*, No. CIV.A. H-08-3341, 2013 WL 3229678, at *9 (S.D. Tex. June 25, 2013) (a reduction in recoverable hours of 20% is warranted given the lack of billing judgment in the case); *Ramirez v. Lewis Energy Grp., L.P.*, 197 F. Supp. 3d 952, 959 (S.D. Tex. 2016) (applying a 20% fee reduction due to the unreasonably high number of hours billed and lack of billing judgment). Thus, I adopt Judge Mann's fee recommendation with respect to FCS in its entirety.

## CONCLUSION

For the reasons set forth above, I affirm and adopt Judge Mann's R&R in its entirety. I grant defendants Riley's and FCS's motions for attorneys' fees in the amount of $28,700 as to Riley and $16,980.80 as to FCS. I also award Riley $184.45 in costs.

**SO ORDERED**

                                                         s/Ann M. Donnelly
                                                     ANN M. DONNELLY
                                                    United States District Judge

Dated: Brooklyn, New York
        March 13, 2018